IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jerry Brown, #256451, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:05-1615-HMH-GCK |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| L. Olivencia-Font, Doctor, Edsel T. | ) | |
| Taylor, Warden, and South Carolina | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 DSC.[1] Jerry Brown ("Brown"), a state prisoner proceeding pro se, alleges various civil rights violations under 42 U.S.C. § 1983. In his Report, Magistrate Judge Kosko recommends granting the Defendants' motion for summary judgment and denying Brown's motion for sanctions and motion to amend his complaint.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Brown filed the instant § 1983 action on June 7, 2005. In his complaint, Brown alleges that prison overcrowding resulted in him being placed in a three-man cell with a cot blocking the door. (Compl. 3.) Brown allegedly fell over the cot on or about March 2001

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

and hurt himself. (Id.) Brown contends that L. Olivencia-Font ("Dr. Olivencia-Font") "deprived [him] of adequate medical care by disregarding the extreme pain to [his] lower-back and numbness of the lower-back, legs, penis, and buttocks, by the misdiagnoses [sic]" and by "refusing [him] the right for a second diagnosis of a specialist in spinal injury." (Id.)

After paying $150 of the $250 United States District Court filing fee, the South Carolina Department of Corrections ("SCDC") withdrew the remaining $100 balance from Brown's prisoner trust account. On July 26, 2005, Brown filed a motion for sanctions against the Defendants on the basis that they improperly withdrew the entire remaining balance, as opposed to withdrawing the funds at a rate of twenty percent per month. On August 10, 2005, the Defendants filed a motion for summary judgment. On August 30, 2005, Brown filed a motion for leave to amend his complaint. Magistrate Judge Kosko entered his Report and Recommendation on November 23, 2003, recommending that the court grant the Defendants' motion for summary judgment and deny Brown's motions for sanctions and for leave to amend his complaint. Finally, after filing objections to the Magistrate Judge's Report and Recommendation on January 6, 2005, Brown filed a motion for summary judgment on January 20, 2006.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any

explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court finds that many of Brown's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims.

1. Brown's Motion for Sanctions

The Magistrate Judge recommended that the court deny Brown's motion for sanctions on two grounds. First, the Magistrate Judge found that the individual defendants, Dr. Olivencia-Font and Edsel T. Taylor ("Taylor"), did not have access to Brown's prison trust account. Brown filed no specific objections to this finding. Second, the Magistrate Judge concluded that the South Carolina Department of Corrections ("SCDC") properly withdrew the funds from Brown's account because he had authorized the withdrawal by executing the statement of assets form.

Brown argues that the statement of assets form is unconstitutional and that the SCDC wrongly ignored 28 U.S.C. § 1915(b) and the Magistrate Judge's June 15, 2005, order, which authorized a withdrawal pursuant to § 1915(b), by withdrawing the entire remaining balance at one time. The court finds that Brown has not shown how the statement of assets he executed violates his constitutional rights, and the SCDC properly withdrew the funds from Brown's trust account pursuant to Brown's authorization.

Further, even if the SCDC should have withdrawn the funds at a rate of twenty-percent per month under § 1915(b), Brown does not contend that the remaining $100 was not owing and collectable. Hence, even if the SCDC had begun withdrawing the funds at twenty percent per month as set forth in § 1915(b) in June 2005, the SCDC still would have withdrawn the

3

full $100 from Brown's account before January 1, 2006.  Moreover, Brown has not shown that any particular hardship occurred as a result of the full amount being debited.  For all of these reasons, the court finds that SCDC's withdrawal from Brown's trust account was not in bad faith and does not warrant sanctions.

2.  The Defendants' Motion for Summary Judgment

The Magistrate Judge recommends granting the Defendants' motion for summary judgment because Brown's action is untimely, among other reasons.  Brown specifically objects to Magistrate Judge Kosko's conclusion that Brown's § 1983 action for deliberate indifference to his medical needs is time-barred under South Carolina's three-year statute of limitations set forth in Code of Laws section 15-3-530(5).

"Because § 1983 claims are best characterized as personal injury actions[,] . . . a State's personal injury statute of limitations should be applied to all § 1983 claims."  Owens v. Okure, 488 U.S. 235, 240-41 (1989) (internal quotation marks omitted).  However, "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."  Id. at 249-50.

In South Carolina, actions for personal injury must be brought within three years after the cause of action accrues pursuant to South Carolina Code of Laws section 15-3-20 and 15-3-530(5).  Grillo v. Speedrite Prods., Inc., 532 S.E.2d 1, 3 (S.C. Ct. App. 2000).  Under [s]ection 15-3-530(5), the action "must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."  S.C. Code § 15-3-535(5).  "The exercise of reasonable diligence" requires "simply

4

that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist." Snell v. Columbia Gun Exch., Inc., 278 S.E.2d 333, 334 (S.C. 1981).

Brown argues that the Magistrate Judge wrongly found that his claim is time-barred, arguing that the filing of a grievance tolled the statute of limitations and that the application of the statute of limitations to bar his claim is unconstitutional. Brown's arguments are without merit.

As an initial matter, Brown objects to the Magistrate Judge's construing his claim as a state tort negligence or malpractice claim, arguing instead that he has filed a claim for a violation of his constitutional rights under § 1983. (Objections 16, 17.) As such, the court will treat Brown's claim as being solely brought pursuant to § 1983.

Construing the facts in favor of Brown, his injury occurred in March 2001. (Compl. Ex. 1 (Step-1 Grievance at 1).) Although Brown contends that he was treated within a week of the accident, Brown's medical records reveal that he was treated for his alleged spinal injury on June 4, 2001, when his back was x-rayed and found to be "normal." (Compl. 3; Defs.' Mem. Supp. Summ. J. Ex. 2 (Dr. Olivencia-Font Aff. at 2).) Dr. Olivencia-Font declared that Brown received additional treatment a year later in May 2002, and again in September 2002, January 2003, June 2004, and January 2005, and declared that the records indicate that Brown suffers from degenerative disk disease, not from a traumatic back injury. (Id. (Dr. Olivencia-Font Aff. at 2-3).) Moreover, Dr. Olivencia-Font declared that he did not begin treating Brown until over a year after the alleged accident, in 2002. (Id.) In any event,

Brown's claim for indifference to the serious medical need arising from his back injury accrued when he allegedly began receiving improper care, at the latest in June 2001. Brown did not file a grievance concerning his deliberate indifference claim until December 6, 2004.

Filing a mandatory administrative grievance typically tolls the statute of limitations for a § 1983 action. See Leal v. Georgia Dep't of Corrs., 254 F.3d 1276, 1280 (11th Cir. 2001). Of course, if the statute of limitations has already run before the grievance is filed, the filing of the grievance does not toll the statute of limitations. Brown has offered no evidence to support his claim that he filed a grievance to toll the statute of limitations before the three-year limitations period had expired in June 2004. As such, there is no genuine issue of material fact with respect to the issue that Brown's action is barred by the statute of limitations. Moreover, concerning Brown's claim that the statute of limitations was somehow unconstitutionally applied to him because he was in prison, Brown has not explained this argument, and the court finds no error in the application of the statute of limitations to Brown's claim.[2]

---

[2]Additionally, even if Brown's claim was timely, the court concludes that there is no genuine issue of material fact with respect to the alleged deliberate indifference to serious medical needs. Although Brown may not have received the desired care, the Defendants and the others who cared for Brown were not deliberately indifferent to his medical needs. Moreover, Brown's specific allegation that he was unconstitutionally denied treatment by a specialist is insufficient to establish a constitutional violation. Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation.")

### 3. Brown's Motions for Leave to Amend and for Summary Judgment

With regard to the Magistrate Judge's recommendation that Brown's motion for leave to file an amended complaint should be denied, Brown failed to file specific objections. Moreover, the court has reviewed Brown's motion, and finds that allowing Brown to amend his complaint would be futile. Cf. In re PEC Solutions, Inc. Sec. Litig., 418 F.3d 379, 391 (4th Cir. 2005). Finally, because the court grants the Defendants' motion for summary judgment, Brown's motion for summary judgment is moot. Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts Magistrate Judge Kosko's Report and Recommendation in part.[3]

---

[3] The court declines to address the Magistrate Judge's alternate grounds for granting summary judgment to the Defendants, that the Defendants are immune from suit pursuant to the Tort Claims Act, South Carolina Code of Laws § 15-78-10 et. seq., or that Brown may not advance a claim against Taylor under the doctrine of respondeat superior, and therefore need not address Brown's objections to those grounds.

7

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, document number 13, is granted. It is further

**ORDERED** that Brown's motion for sanctions, document number 10, is denied. It is further

**ORDERED** that Brown's motion for leave to amend his complaint, document number 17, is denied. It is further

**ORDERED** that Brown's motion for summary judgment, document number 33, is dismissed as moot.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
January 27, 2006

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.